2020-06459  Case 2:22-cv-00782-SM-DMD   Document 1-2   Filed 03/25/22   Page 1 of 7

I
Section 14

FILED
2020 AUG 03  P 02:22
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO: _____                DIVISION: " "

**PAULA SAVOY**

**VERSUS**

**QUISQUEYA EXPRESS, INC., JEAN BOITEUX, IMPERIAL FIRE AND CASUALTY INSURANCE, PROGRESSIVE SECURITY INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

FILED: _____           _____
                                          **DEPUTY CLERK**

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes **PAULA SAVOY** (hereinafter "Plaintiff"), a person of the full age of majority and resident of Jefferson Parish, Louisiana, who files the present Petition for Damages, and respectfully avers as follows:

1.

Made Defendants herein are:

a. Quisqueya Express, Inc., a Louisiana business corporation with its principal place of business in Louisiana in New Orleans;

b. Jean Boiteux, a person of the full age of majority, domiciled in Jefferson Parish, Louisiana;

c. Imperial Fire and Casualty Insurance Company, a foreign insurance company authorized to do and doing business in the State of Louisiana. Imperial Fire and Casualty Insurance Company at all relevant times provided a policy of liability insurance to Quisqueya Express, Inc. and/or Jean Boiteux on the date of this incident, which said policy covers the type of loss sued upon herein.

d. Progressive Security Insurance Company, a foreign insurance company authorized to do and doing business in the State of Louisiana. Upon information and belief, at all times relevant herein, Progressive Security Insurance Company had a policy of uninsured/underinsured motorists ("UM") coverage issued to Uber Technologies, Inc. (hereinafter referred to as "Uber"), which was in full force and effect on the date of this collision, which said policy covers the type of loss sued upon herein.

e. State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), a

- 1 -

foreign insurance company authorized to do and doing business in the state of Louisiana. State Farm at all relevant times, provided a policy or contract of uninsured/underinsured automobile insurance as well as medical payment benefits to Paula Savoy on the date of this collision, which said policy covers the type of loss sued upon herein.

2.

This Court has jurisdiction over this matter pursuant to La. C.C.P. Art. 2 and Venue is proper in Orleans Parish as all the wrongful conduct occurred in this Parish, La. C.C.P. Art. 74.

3.

Said Defendants are liable unto Plaintiff for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand and all costs of these proceedings for the following reasons, to-wit:

4.

On August 2, 2019, Plaintiff was in the course and scope of her employment with Uber, carrying passengers on a "prearranged ride" as defined in La. R.S. 45:201.4(4), traveling westbound on Claiborne Avenue in the far right turning lane, approaching the intersection at South Carrollton Avenue.

5.

At the same time and place, Jean Boiteux was operating a 2013 Toyota Sienna traveling westbound on Claiborne Avenue in the right lane, approaching the intersection at South Carrollton Avenue.

6.

Suddenly and without warning, Jean Boiteux merged into Plaintiff's lane of travel causing this collision to occur.

7.

As a result of the above described collision, your Plaintiff suffered severe and debilitating injuries.

8.

The acts of negligence by tortfeasor, Jean Boiteux, were the proximate cause of this collision and the resulting damages to Plaintiff. Tortfeasor Jean Boiteux's only liability insurance (with Imperial Fire and Casualty Insurance Company) has a policy limit inadequate to fully

2020-06459 Case 2:22-cv-00782-SM-DMD Document 1-2 Filed 03/25/22 Page 3 of 7

I

Section 14

FILED
2020 AUG 03 P 02:22
CIVIL
DISTRICT COURT

compensate Plaintiff for the damages sustained rendering the tortfeasor an underinsured motorist within the terms and meaning of La. R.S. 22:1295.

9.

Prior to this collision, Progressive Security Insurance Company issued a policy or contract of uninsured/underinsured automobile insurance to Uber which was in full force and effect at the time of the collision and which provided coverage for the damages that Plaintiff sustained as a result of the above dated collision. Additionally, prior to this collision, State Farm issued a contract of uninsured/underinsured automobile insurance to Paula Savoy which was in full force and effect at the time of the collision and which provided coverage for the damages that Plaintiff sustained as a result of the above dated collision. As a result, Progressive Security Insurance Company and State Farm are being sued directly pursuant to La. R.S. 22:1269.

## COUNT 1

## NEGLIGENCE OF JEAN BOITEUX

10.

Jean Boiteux, in operating a vehicle upon a roadway in Louisiana as a common carrier, owe others, including Plaintiff the highest degree of care.

11.

Jean Boiteux was negligent in the accident sued upon herein and acted in violation of company polices, the laws of the State of Louisiana and standards of ordinary care, his non-exclusive acts and/or omissions, include but are not limited to the following:

(a)  failing to stop when he should have stopped;

(b)  driving too fast under the circumstances and failing to act timely under the circumstances;

(c)  failing to see what he should have seen;

(d)  failing to act as a reasonable or prudent driver would have acted under similar circumstances;

(e)  failing to keep a proper lookout given the circumstances;

(f)  failing to maintain control of his vehicle;

(g)  carelessly operating a motor vehicle;

(h)  failing to follow the laws and regulations of both interstate and intrastate travel; and/or

2020-06459 Case 2:22-cv-00782-SM-DMD Document 1-2 Filed 03/25/22 Page 4 of 7

I
Section 14

FILED
2020 AUG 03 P 02:22
CIVIL
DISTRICT COURT

(i) other acts, or inactions, developed in discovery, to be shown at trial, and other violations of La. C.C. Art. 2315.

Each act or omission, acting separately or in combination, was a proximate cause of the collision in question and the resulting injury to Plaintiff.

## COUNT 2

### VICARIOUS LIABILITY OF QUISQUEYA EXPRESS, INC.

12.

At all relevant times, Jean Boiteux was acting within the course and scope of his employment, agency, service, with the authority of and under the direction of Quisqueya Express, Inc. As a result of the foregoing, Quisqueya Express, Inc. is vicariously liable for the damages proximately caused by the conduct of Jean Boiteux under the principles of La. C.C. Art. 2320.

## COUNT 3

### DIRECT ACTION AGAINST INSURERS

13.

At the time of the above described incident, Imperial Fire and Casualty Insurance Company, Progressive Security Insurance Company and State Farm all had in full force and effect policies of insurance and/or uninsured/underinsured automobile insurance, under the terms, conditions and provisions of which said companies provide coverage for the damages sued for by Plaintiff.

14.

As a result, Imperial Fire and Casualty Insurance Company, Progressive Security Insurance Company and State Farm are being sued directly pursuant to La. R.S. 22:1269.

## DAMAGES

15.

As a result of the aforementioned collision, your Plaintiff sustained severe and debilitating injuries to the mind and body, for which she was forced to seek medical treatment.

16.

That as a direct and proximate result of the negligence and/or fault of Defendants, your Plaintiff seeks damages for the following:

a) Past, present and future medical expenses;
b) Past, present and future physical pain and suffering and loss of function;

- 4 -

2020-06459 Case 2:22-cv-00782-SM-DMD   Document 1-2   Filed 03/25/22   Page 5 of 7

I

Section 14

FILED
2020 AUG 03  P 02:22
CIVIL
DISTRICT COURT

c) Past, present and future mental anguish and emotional distress;

d) Lost wages and diminished earning capacity;

e) Loss of enjoyment of life;

f) Special care and services and;

g) Other such damages as will be shown through discovery and/or at trial of this matter.

17.

Plaintiff prays for all reasonable damages as a result of the negligent conduct of Defendants.

**DEMAND and PRAYER**

18.

**WHEREFORE**, Plaintiff prays for a trial on the merits and that Defendants be duly cited and served with a copy of this Petition for Damages, to appear and answer same and, after all legal delays and due proceedings are had herein, that there be judgment in favor of your Plaintiff, Paula Savoy, and against Defendants, Quisqueya Express, Inc., Jean Boiteux, Imperial Fire and Casualty Insurance Company, Progressive Security Insurance Company and State Farm Mutual Automobile Insurance Company, jointly, severally and *in solido*, in a full and true sum calculated to compensate Plaintiff for the damages complained of herein, along with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

*/s/ Thomas W. Shlosman*

Thomas W. Shlosman (LA Bar No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
Telephone: (504) 826-9427
Facsimile: (504) 324-0431
tom@shlosmanlaw.com

2020-06459 Case 2:22-cv-00782-SM-DMD  Document 1-2  Filed 03/25/22  Page 6 of 7

I

Section 14

FILED
2020 AUG 03  P 02:22
CIVIL
DISTRICT COURT

**PLEASE SERVE:**

Jean Boiteux
At his last known address
2256 Breckenridge Drive
Harvey, Louisiana 70058

Quisqueya Express, Inc.
Through its Registered Agent for Service of Process:
Marie L. St. Felix
3910 Macarthur Blvd.
New Orleans, LA 70114

Imperial Fire and Casualty Insurance Company
Through its agent for service of process pursuant to La. R.S. 22:335:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Progressive Security Insurance Company
Through its Agent for Service of Process:
CT Corporation
3867 Plaza Tower Drive
Baton Rouge, LA 70816

State Farm Mutual Automobile Insurance Company
Through its agent for service of process pursuant to La. R.S. 22:335:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809
State Farm Mutual Automobile Insurance Company

2020-06459 Case 2:22-cv-00782-SM-DMD   Document 1-2   Filed 03/25/22   Page 7 of 7

I

Section 14

FILED
2020 AUG 03  P 02:22
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO: DIVISION: " "

**PAULA SAVOY**

**VERSUS**

**QUISQUEYA EXPRESS, INC., JEAN BOITEUX, IMPERIAL FIRE AND CASUALTY INSURANCE, PROGRESSIVE SECURITY INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

FILED: _____     _____
                                                    **DEPUTY CLERK**

**REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give me, as counsel for the named Plaintiff, Paula Savoy, written notice, by mail, at least ten (10) days in advance of any date fixed for any trial or hearing in this case, whether on Exceptions, Motions, Rules, or trial on the merits.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send me notice of any Order or Judgment in this cause upon the entry of such Order or Judgment.

THUS, DONE AND SIGNED in New Orleans, Louisiana on this 3rd day of August 2020.

Respectfully submitted,

_____
Thomas W. Shlosman (No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
Telephone: (504) 826-9427
Facsimile: (504) 324-0431
tom@shlosmanlaw.com

- 7 -